IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| RICARDO PEREZ-HERRERA, | : | MOTION TO VACATE |
| BOP No. 64618-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:13-CR-16-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:14-CV-76-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Movant, Ricardo Perez-Herrera, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [27] ("Motion to Vacate"). The government has filed a Response [31] in opposition. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED** and a certificate of appealability be **DENIED**.

### I.  PROCEDURAL HISTORY

On March 26, 2013, movant was indicted on the following counts: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), & 841(b)(1)(C) (counts one, three, and nine); (2) dealing in counterfeit obligations, in violation of 18 U.S.C. § 473 (count two); (3) possession of firearms by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) &

AO 72A
(Rev.8/82)

924(a)(2) (counts four, five, and eight); (4) transfer of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5845(e), 5861(e), & 5871 (count seven); and (5) illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a) (count ten). (Indict. [1] 1-5.)

On June 27, 2013, movant pleaded guilty to counts one, three, four, five, eight, nine, and ten pursuant to a plea agreement in which the government dismissed counts two, six, and seven. [19, 19-1] On September 19, 2013, the Court sentenced movant to a total effective term of 135 months of imprisonment, followed by five years of supervised release. [25] Movant did not appeal. (Mot. Vacate 2.) Movant delivered his Motion to Vacate to prison authorities for mailing on April 3, 2014. (Id. at 13.) The government does not dispute that the Motion to Vacate was submitted within the one-year statute of limitations provided by 28 U.S.C. § 2255(f).

## II.   STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for

2

a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The undersigned **REPORTS** that an evidentiary hearing is not needed because the Motion to Vacate and record in this case conclusively show that movant is not entitled to relief.

3

### III. DISCUSSION

Movant claims that his counsel provided ineffective assistance by failing to challenge the government's alleged breach of the plea agreement.[1] (Mot. Vacate 4.) In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court may consider either prong

---

[1] Movant's plea agreement contains an appeal waiver, but the waiver does not bar a claim that the agreement was breached. See United States v. Valencia, 456 F. App'x 875, 877 (11th Cir. 2012) (per curiam) (citing United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004)).

AO 72A (Rev.8/82)

first and need not address the other "if the defendant makes an insufficient showing on one." Id. at 697.

Movant states that his plea agreement included the government's promise to recommend a one-level downward variance in his United States Sentencing Guidelines calculation. (Mov't Br. [27-1] 2.) If the Court accepted the recommendation, movant's sentencing range of 135 to 168 months would decrease to 121 to 151 months. (Id. at 2, 4.) Furthermore, if the Court accepted the government's recommendation to sentence movant at the low end of the range, movant would have received 121 months instead of 135 months. (Id. at 2, 4.) However, Movant contends that both his counsel and the government "stood mute [at sentencing] and never mentioned that the [g]overnment had entered into a plea bargain in which it had agreed to recommend a downward variance of one level." (Id. at 2.)

As the government explains in its Response in opposition, movant's argument is factually incorrect. The government made the following statement at the sentencing hearing:

> [A]s part of the plea agreement, the government has agreed to recommend on the Guidelines [that] the defendant receive a one-level downward variance, in addition to whatever the Guideline calculations are that the Court may find. I would remind the Court about that.

5

(Tr. [30] 2.) Movant's counsel then repeated the request for the variance. (Id. at 2-3.) After the Court sentenced movant to 135 months, the government again stated its recommendation that movant's sentencing range be reduced to 121 to 151 months. (Id. at 7.) The Court indicated that it understood the recommendation, but it stated: "I just don't believe I can go below 135 under the conditions of this case." (Id.) Movant's counsel then unsuccessfully asked the Court to reconsider. (Id. at 7-8.)

Because the record shows that the government did not breach the plea agreement, the lack of a challenge by movant's counsel to a non-existent breach did not constitute deficient performance. "A lawyer cannot be deficient for failing to raise a meritless claim." Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam) (citing Freeman v. Att'y Gen. 536 F.3d 1225, 1233 (11th Cir. 2008)). Thus, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the

6

applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

AO 72A
(Rev.8/82)

## V. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [27] be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 27th day of February, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)